IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                    CIV. NO.: 12-81(FAB/SCC)

JORGE MERCADO-
CAÑIZARES,

Defendant.

**REPORT AND RECOMMENDATION**

Defendant Jorge Mercado-Cañizares stands charged with possession of a firearm by a convicted felon. Docket No. 7. The firearm on which this charge is premised was recovered during a warrantless search of Mercado's vehicle. On a referral from the presiding district judge, *see* Docket No. 21, a suppression hearing was held in two parts, on April 16 and May 8, 2012.[1]

---

1. At the April 16, 2012, session, the court continued the hearing in order to give Mercado additional time in which to gather discovery and

UNITED STATES v. MERCADO-CAÑIZARES                                    Page 2

*See* Docket Nos. 35, 44. After considering all of the evidence, we find that the search of the vehicle was supported by probable cause. Accordingly, we recommend that the district court deny the motion to suppress.

On January 29, 2012, a Puma gas station in Ponce, Puerto Rico was robbed. Police of Puerto Rico ("POPR") agents, reviewing video of the incident, determined that the same person had also robbed several other Ponce-area gas stations over the previous two years. After an investigation, they determined that the individual responsible for the robberies was Defendant Mercado, and on the morning of January 31, 2012, POPR agents arrived at the home Mercado shared with his parents. Outside, parked on the street, they found a vehicle matching the description of the car used in the gas station robberies,[2] a gold-colored Daewoo Lanos. It is undisputed that after noticing the vehicle, POPR agents, without first obtaining a warrant, opened and searched the vehicle where it sat,

---

review evidence. *See* Docket No. 35.

**2.** Before noticing the car, the POPR agents went to Mercado's home. Mercado came to the door and was asked to accompany the agents to the police station for questioning, and he apparently did so voluntarily, without an arrest being made. Mercado, then, was absent by the time the agents started examining the vehicle parked out front.

UNITED STATES v. MERCADO-CAÑIZARES                                Page 3

finding a gun and items consistent with those stolen from the Puma gas station. The vehicle was later towed to a POPR facility, where photographs were taken of its contents. The weapon found in the vehicle is the basis for the felon-in-possession charges that Mercado currently faces.

As a general matter, the Fourth Amendment's prohibition on "unreasonable searches and seizures," U.S. CONST. amend. IV, makes warrantless searches presumptively unreasonable. *See Groh v. Ramirez*, 540 U.S. 551, 559 (2004) (citing *Payton v. New York*, 445 U.S. 573, 586 (1980)). Exceptions exist, however. *See Katz v. United States*, 389 U.S. 347, 357 (1967). At the suppression hearing, most of the testimony dealt with the plain-view exception. *See, e.g., United States v. Sanchez*, 612 F.3d 1 (1st Cir. 2010). To this end, POPR Agent Wilmer Estrada-Batista testified on behalf of the Government. He said that he approached the gold Daewoo and, peering through the windshield, observed the handle of a gun protruding from under the driver's seat. At that point, and after calling for a tow truck, Agent Estrada forced open the car and found the weapon.[3] Mercado, however, presented a witness whose

---

3. A further search of the vehicle, including of its trunk and glove compartment, revealed other items that matched the description of

UNITED STATES v. MERCADO-CAÑIZARES                                Page 4

testimony directly conflicted Agent Estrada's. She testified that while walking in the neighborhood that morning she saw the police in the area of Mercado's home and stopped to watch. She testified that she saw Agent Estrada, upon opening the vehicle, take from under the driver's seat a closed, black fannypack, from which he removed a gun. After showing the gun to his colleagues, Agent Estrada put the weapon back in the fannypack, which he then closed and returned to its place under the seat. If Agent Estrada's testimony is believed, the plain-view exception to the warrant requirement is clearly applicable. If the defense witness is believed, it is not.[4] *See, e.g., United States v. Weatherspoon*, 82 F.3d 697 (6th Cir. 1995) (per curiam) (permitting the warrantless seizure of a gun from a

---

those taken from the Puma gas station.

**4.** The essential dispute at the hearing was over whether Agent Estrada lied when he said he found the weapon in plain view. In support of his position, Mercado questioned Agent Estrada about his POPR administrative record, of which, at the time, Mercado had only received a summary. The full record has since been provided, and Mercado has moved the court for leave to file a supplementary motion attaching relevant documents from this file. *See* Docket No. 50. But because we would decide the suppression motion on grounds that make irrelevant Agent Estrada's truthfulness regarding where he found the weapon, we DENY Mercado's motion for leave to file.

UNITED STATES v. MERCADO-CAÑIZARES                                Page 5

locked car, where that gun was seen in plain view by the seizing officer). But we need not resolve the conflict over whether the gun was in fact in plain view because another exception applies in either case.

As early as 1925, the Supreme Court held that searches of automobiles, even without a warrant, were justified so long as the search was supported by probable cause that the vehicle contained contraband or evidence of illegal activity. *Carroll v. United States*, 267 U.S. 132 ,155-56 (1925). In *Carroll*, the exception was supported by, essentially, exigency: unlike a house, to which the warrant requirement applied strictly, an automobile could "be quickly moved out of the locality or jurisdiction in which the warrant must be sought." *Id.* at 153. Later cases, however, suggest that the exception is better justified by the diminished expectation of privacy that people have in their vehicles, the use and movement of which are thoroughly regulated. *See California v. Carney*, 471 U.S. 386, 392 ("[T]he pervasive schemes of [vehicular and highway] regulation, which necessarily lead to reduced expectations of privacy, and the exigencies attendant to ready mobility justify searches without prior recourse to the authority of a magistrate so long as the overriding standard of probable cause is met."); *Michi-*

| UNITED STATES v. MERCADO-CAÑIZARES | Page 6 |
|---|---|

*gan v. Thomas*, 458 U.S. 259, 261 (1982) (per curiam) (holding that even a immobilized car may be searched without a warrant, because the exception "does [not] depend upon a reviewing court's assessment of the likelihood in each particular case that the car would have been driven away, or that its contents would have been tampered with, during the period required for the police to obtain a warrant"). In any case, "the existence of probable cause justifies a warrantless seizure and reasonable search of a motor vehicle lawfully stopped in transit or parked in a public place, whether or not exigent circumstances prevailed at either the time of the seizure or the time of the search." *United States v. Panitz*, 907 F.2d 1267, 1272 (1st Cir. 1990); *see also United States v. Polanco*, 634 F.3d 39, 43 (1st Cir. 2011) ("[A]n impressive convoy of auto-exception cases holds that if the requisite probable cause exists it matters not whether the vehicle was already parked, whether it was searched at another locale, or even whether agents had time to obtain a warrant first." (internal citations omitted)); *United States v. Polly*, 630 F.3d 991 (10th Cir. 2011) ("'If there is probable cause to believe a vehicle contains evidence of criminal activity,' the warrant requirement does not apply to 'a search of any area of the vehicle in which the evidence might be found.'" (quoting

UNITED STATES v. MERCADO-CAÑIZARES                                       Page 7

*Arizona v. Gant*, 556 U.S. 332, 347 (2009))); *see generally* 3 WAYNE R. LA FAVE, SEARCH & SEIZURE: A TREATISE ON THE FOURTH AMENDMENT § 7.2 (4th ed.).

Here, probable cause easily supported the POPR agents' search of the gold Daewoo: the car, parked just outside of Mercado's home, was a similar color, make, and model to that reportedly used in the Puma robbery. Moreover, Agent Estrada asked Mercado's father for permission to search Mercado's room for the car's keys, and, though none were found there, Mercado's father seems not to have given the agents any reason to believe the car was not the one used by Mercado.[5] Given these facts, the POPR agents were justified in believing that the vehicle might have been used in the robbery and might contain stolen goods or other evidence. Probable

---

5.  The car is registered, in Agent Estrada's words, to a "lady . . . from Juana Diaz," and Agent Estrada knew this at the time he searched it. However, he also testified that he believed the vehicle to belong to Mercado's parents. But regardless of who actually owned the vehicle, we believe been probable cause existed for the POPR agents' belief that the vehicle parked outside of Mercado's residence was the same vehicle used in the robberies. *See, e.g.*, *United States v. Lawson*, 410 F.3d 735, 740–41 (D.C. Cir. 2005) (allowing the warrantless search of a vehicle based on finding of probable cause that it might contain evidence of a bank robbery where, among other things, the vehicle "matched a physical description of the getaway car").

| UNITED STATES v. MERCADO-CAÑIZARES | Page 8 |
|---|---|

cause was therefore established and the warrantless search justified.[6] *See United States v. Woodbury*, 511 F.3d 93, 97–98 (1st Cir. 2007) (emphasizing that probable cause requires only a fair probability that evidence of criminal activity will be found in a particular place); *United States v. Martinez-Molina*, 64 F.3d 719, 730 (1st Cir. 1995) (Probable cause "exists where the facts and circumstances known to the . . . officers are sufficient to cause a person of reasonable caution to believe the search is justified. That is, there must have been particular facts indicating that, at the time of the search, the vehicle or container within it carried contraband, evidence of a crime, or other seizable material."); *see also* 3 SEARCH & SEIZURE § 7.2 ("When the police may proceed to search the vehicle without first obtaining a warrant, . . . only the procedure of acquiring a search warrant is being excused; there still must be grounds upon which a search warrant could have been issued."). We must therefore

---

6. Here, the vehicle was searched on the scene before being towed to a POPR facility and searched again. Either search—or both—was justified by the finding of probable cause. *See United States v. Panitz*, 907 F.2d 1267, 1272 (1st Cir. 1990) ("[T]he search, so long as reasonable in scope, need not be conducted contemporaneously with the seizure or at the seizure site. In short, the lawful (warrantless) search of a vehicle is restricted neither temporally nor spatially." (internal citations and quotations omitted)).

| UNITED STATES v. MERCADO-CAÑIZARES | Page 9 |
|---|---|

recommend that the motion to suppress be DENIED.[7]

IT IS SO RECOMMENDED.

The parties have fourteen days to file any objections to this report and recommendation. Failure to file the same within the specified time waives the right to appeal this report and recommendation. *Henley Drilling Co. v. McGee*, 36 F.3d 143, 150-51 (1st Cir. 1994); *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 25th day of May, 2012.

S/ SILVIA CARREÑO-COLL

UNITED STATES MAGISTRATE JUDGE

---

7. Our conclusion regarding probable cause does rely, in part, on Agent Estrada's testimony. However, we do not think this fact requires us to take more evidence regarding Agent Estrada's administrative record, *see supra* note 4, because nothing in the defense case contradicted those parts of Agent Estrada's testimony upon which we rely.